# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13-cv-1386 | **DATE** | 5/1/13 |
| **CASE TITLE** | Ahmed-Al-Khalifa v. Bromwich et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's *In Forma Pauperis* Application [4] and Plaintiff's Motion in Further Submission in Support of Original Motion [6] are denied. Plaintiff's Motion for Appointment of Counsel [5] is denied as moot. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

On February 20, 2013, Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa filed a Complaint with an application to proceed without paying the customary $350 filing fee. Plaintiff alleges his constitutional rights were violated when he was deported without proper due process and seeks to sue the following Defendants: Michael Bromwich, the Inspector General of the United States Department of Justice; Wiliam F. Riley, Deputy Assistant Director with the U.S. Immigration and Naturalization Service; and J. Rielly, an officer with the U.S. Immigration and Naturalization Service ("INS"). Plaintiff has recently filed at least five other similar actions in the Northern District of Illinois, all without paying the requisite filing fees. These other actions allege similar claims against F. Ramos, a "deportation officer"; Brian Perryman, an INS officer; U.S. Attorney General Eric Holder; former U.S. Attorney John Ashcroft, and the Court of Appeals for the Seventh Circuit. *See* Case Nos. 12-cv-10339, 13-cv-582, 13-cv-583, 13-cv-586, and 13-cv-01377. In 2002, Plaintiff, proceeding under the name "Oluwashina Ahmed," filed petitions for writs of *habeas corpus*, which were dismissed upon the Court's notification that Plaintiff had been deported, in 2002, to Nigeria. *See* Case Nos. 02-cv-2022, 02-cv-2518, 02-cv-2713, 02-cv-2768.

If a court is presented with a case submitted with a request to proceed *in forma pauperis*, the court will dismiss the case if it determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). Plaintiff asserts a violation of his constitutional rights, pursuant to 42 U.S.C. § 1983, for his deportation in 2002. The facts of Plaintiff's case are set out more fully in this Court's January 31, 2013 Order dismissing Plaintiff's action against Perryman, *see Ahmed-Al-Khalifa v. Perryman*, 13-cv-0583 (N.D. Ill. Jan. 31, 2013). As in that case, the allegations in the Complaint filed with this Court "plainly reveal[] that [the] action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2002). The statute of limitations governing § 1983 claims is two years. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Even assuming Plaintiff could assert a claim under 42 U.S.C. § 1983, it is clear that Plaintiff was deported in

2002 and therefore, his claim is over ten years old and barred by the statute of limitations. Hence, Plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . . ."); 28 U.S.C. § 1915(e)(2)(B)(ii).